# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHREE MOHAN AGRAWAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:07cv4283 |
| | ) | |
| REBECCA R. PALLMEYER, ANDREW | ) | |
| LAMBERTSON, RONALD S. SAFER, | ) | |
| NEIL LLOYD, KRISTEN L. MERCADO, | ) | |
| and BROOKE D. ANTHONY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Shree Agrawal, a prisoner confined at the Menard Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and as a *Bivins action,* asserting violation of his federally protected rights. Agrawal names as defendants Judge Rebecca Pallmeyer of the United States District Court for the Northern District of Illinois, Assistant Illinois Attorney General Andrew Lambertson, and attorneys Ronald Safer, Neil Lloyd, Kristen Mercado, and Brooke Anthony of Schiff Hardin, LLP. He seeks damages from defendants Lambertson, Safer, Lloyd, Mercado, and Anthony in their individual capacities and damages from Judge Pallmeyer in her individual and official capacities. He also seeks injunctive and declaratory relief on his claims against Judge Pallmeyer.

Agrawal's complaint presents two claims. In his first claim, he alleges that "violation of plaintiff's right for access to court and breach of fiduciary duty and

conspiracy for these defendants." (Complaint at p. 2). In claim two, he asserts that "judicial immensity is unconstitutional." (Complaint at p. 2).

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon

2

> which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S.Ct. 2197, 2000 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell v. Twombley*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

## I. Claims against Judge Pallmeyer

Agrawal asserts in his complaint that Judge Pallmeyer presided over a case he filed in the United States District Court for the Northern District of Illinois, *Agrawal v. Briley, et al.*, No. 1:02CV6807.[1] He further alleges that her denial of a *pro se* motion for leave to file a supplemental complaint in that case violated his federally protected rights. In his complaint, Agrawal acknowledges the doctrine of judicial immunity, but argues that this court should rule it unconstitutional, and not apply it in this case. He seeks damages against Judge Pallmeyer, injunctive relief removing her from presiding

---

[1] He also states in his complaint that Judge Pallmeyer presided over the initial stages of another complaint he filed, *Agrawal v. Lambertson, et al.*, No. 1:05CV6373, which was transferred to another district. But he does not allege that any action she took in that case violated his federally protected rights.

over *Agrawal v. Briley*, and declaratory relief declaring the doctrine of judicial immunity to be unconstitutional.

The doctrine of judicial immunity dates back at least to the Supreme Court's opinion in *Bradley v. Fisher*, 80 U.S. 335 (1871). Under this doctrine, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990); *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir.1989), *cert. denied*, 494 U.S. 1085 (1990); *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987), *cert. denied*, 484 U.S. 847 (1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57, (quoting *Bradley*, 80 U.S. at 351). Furthermore, "[a] judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359. Judge Pallmeyer is entitled to absolute judicial immunity if her actions meet a two-part test. First, the acts must be within the judge's jurisdiction. Second, these acts must be performed in the judge's judicial capacity. *Dellenbach*, *id*. (citing *Stump*, 435 U.S. at 356, 360; *Bradley*, 80 U.S. at 351-52).

As a United States District Judge, Judge Pallmeyer had jurisdiction over the complaint in *Agrawal v. Briley*, and the authority to rule on motions filed in that case. The only allegation contained in the complaint against Judge Pallmeyer is that she

4

denied a motion for leave to file a supplemental complaint in *Agrawal v. Briley*, which is certainly a judicial act. *See John v. Barron*, 897 F.2d at 1392 (test is whether the acts are those normally performed by a judge). Thus, pursuant to the doctrine of judicial immunity, Judge Pallmeyer is immune from civil damages.

Agrawal asserts in his complaint that judicial immunity is unconstitutional because it "violates equal protection of the law." (Complaint at p. 5). He argues that judicial immunity divides plaintiffs into two categories, those whose defendant is protected by judicial immunity and those who are suing defendants who are not protected by judicial immunity. He further argues that "this dissimilar treatment of two category of litigants has no rational relationship with any legitimate judicial or governmental interest." (Complaint at p. 5).

The Fourteenth Amendment's equal protection clause requires that similarly situated persons be treated alike, but it does not require absolute equality or precisely equal advantages. *McCalvin v. Fairman*, 603 F.Supp. 342, 346 (C.D. Ill. 1985), *citing French v. Heyne*, 547 F.2d 994, 997 (7th Cir. 1976). Agrawal's equal protection argument is frivolous because all persons who seek to sue judges for their judicial acts in cases over which they have jurisdiction are precluded in doing so unless the judge acted in the clear absence of all jurisdiction. In other words, all plaintiffs are treated the same by the doctrine of judicial immunity.

Moreover, Agrawal is incorrect in asserting that the doctrine of judicial immunity bears no rational relationship with any governmental interest. In *Stump v.*

*Sparkman*, the United States Supreme Court noted that:

> Despite the unfairness that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of "the proper administration of Justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself. *Bradley v. Fisher*. 13 Wall., at 347. The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit."

*Stump v. Sparkman*, 435 U.S. at 363-364.

In any event, long standing, controlling case law from the United States Supreme Court and the United States Court of Appeals for the Seventh Circuit Court have clearly established the doctrine of judicial immunity. This court is bound by those precedents, and lacks the authority to overturn them as the plaintiff requests.

Accordingly, the damage claims against Judge Pallmeyer must be dismissed pursuant to the doctrine of judicial immunity. The court must also dismiss the plaintiff's request for a judgment declaring that the doctrine of judicial immunity violates the Fourteenth Amendment's equal protection clause, and his request for injunctive relief requiring Judge Pallmeyer to withdraw as presiding judge in *Agrawal v. Briley*.

## II. Claims Against Assistant Attorney General Lambertson

Agrawal names Illinois Assistant Attorney General Andrew Lambertson as a defendant.[2] His complaint against defendant Lambertson appears to be that he represents the defendants in *Agrawal v. Briley*, that he was aware that Agrawal's

---

[2] This plaintiff also attempted to sue Assistant Attorney General Lambertson in *Agrawal v. Lambertson, et al*, 1:05cv6367. In that case, the district court dismissed defendant Lambertson pursuant to § 1915A, noting that he was immune from a civil action for damages.

6

appointed counsel had decided not to file an amended or supplemental complaint in that case, and that, nevertheless, he opposed Agrawal's attempt to file a *pro se* supplemental complaint.

Mr. Lambertson has a duty to represent his client's best interests, and was on solid legal grounds in opposing a *pro se* filing by a party represented by counsel. It is a well established principle of law that courts do not accept filings directly from a party who is represented by counsel; all filings must come from the counsel representing that party.

But, in any event, this defendant is immune from the sort of damage action Agrawal seeks to bring against him. In *Williams v. Goldsmith*, 701 F.2d 603 (7th Cir. 1983), a *pro se* plaintiff sought to initiate a § 1983 suit against county prosecutors, state judges, the Indiana Attorney General, and one of his deputies. The district court dismissed the complaint as frivolous, holding that "all of these defendants," including the "attorney general of Indiana, and Ronald D. Buckler, his deputy" were "absolutely immune from suit." *Id* at 604, citing *Butz v. Economov,* 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349 (1978), and *Imbler v. Pachtman*, 424 U.S. 409 (1976). On appeal, the United States Court of Appeals for the Seventh Circuit agreed, stating that "[a]ll the defendants are absolutely immune from suit. Therefore, plaintiff's claim is frivolous."*Williams v. Goldsmith*, 701 F.2d at 604. As an Assistant Attorney General for the State of Illinois, defendant Lambertson is immune from suit for any actions he may have taken in representing his clients in *Agrawal v. Briley*, including his well taken
7

objection to allowing Agrawal to file a *pro se* pleading when he was represented by counsel.

### III. Conspiracy claims under 42 U.S.C. § 1985

Agrawal asserts jurisdiction under 42 U.S.C. § 1985, alleging that the defendants conspired against him to deprive him of his right to access to the courts and his right to represent himself. He alleges that Judge Pallmeyer is not protected from liability by the doctrine of judicial immunity "because conspiracy is not a judicial act." (Complaint at p. 4). The only act by Judge Pallmeyer that Agrawal challenges, however, is the denial of his *pro se* motion to amend because he was represented by counsel — which was a judicial act. Accordingly, her actions are protected by the doctrine of judicial immunity. Defendant Lambertson is also immune from suit on the plaintiff's claims. In any event, even if they were not immune, Agrawal's § 1985 conspiracy claims are without merit.

According to the complaint, defendants Safer, Lloyd, Mercado, and Anthony represented Agrawal in *Agrawal v. Briley* and defendant Lambertson represents the defendants in that case. He alleges that these defendants and Judge Pallmeyer conspired to keep him from filing an amended or supplemental complaint presenting additional claims.

The docket in No. 1:02CV6807, establishes that Agrawal filed his complaint *pro se* on September 23, 2002. On January 21, 2003, the court screened his complaint pursuant to § 1915A, dismissed most claims and defendants, and allowed him to proceed against defendants Kenneth Briley and Chaplain Peterson on his religious discrimination

claims. Agrawal filed a motion to reconsider and for leave to file an amended complaint. The court granted him leave to amend his complaint, and his amended complaint was filed on April 7, 2003. On September 9, 2004, the court appointed defendant Safer to represent the plaintiff. Defendants Mercado, Lloyd, and Anthony also entered appearances for the plaintiff.

In his complaint, Agrawal asserts that he asked his attorneys to file a supplemental complaint, but that they responded with letters dated May 27, 2005, December 5, 2005, and August 30, 2006, refusing to file any additional claims for him. (Complaint at p. 3). On July 26, 2005, Agrawal took matters into his own hands, and submitted a *pro se* motion for leave to file a supplemental complaint. On July 29, 2005, defendants' counsel, defendant Lambertson, filed a response opposing this request. On August 3, 2005, Judge Pallmeyer made a minute entry stating:

> Status hearing held on 8/3/2005. Plaintiff being represented by appointed counsel, his pro se motion for leave to file a supplemental complaint [hypertext link to 114] is denied without prejudice. On defendant's oral motion, that proposed supplemental complaint, which the court notes, omitted the claim on which he prevailed on summary judgment) is stricken. Status hearing set for 10/6/05 at 09:00 AM.

1:02CV6807 (DE 119).

The case continued, but Agrawal apparently became increasingly disenchanted with his counsel. On August 22, 2007, Judge Pallmeyer made a minute entry noting that "Plaintiff having expressed his dissatisfaction with appointed counsel, the court has

granted their motion for leave to withdraw and declines to appoint substitute counsel."
1:02CV6807 (DE 177).[3]

A conspiracy only exists if there is both "(1) an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Agrawal asserts his conspiracy claim under Section 1985(3), which deals with racially motivated conspiracies to interfere with civil rights. According to the complaint, the defendants knowingly conspired to deprive him of access to the courts, and his "statutory right to represent himself." (Complaint at p. 4).

To state a § 1985(3) claim, a plaintiff must "allege that he was the victim of a conspiracy against him based on some 'class based animus.'" *Malsh v. Austin*, 901 F.Supp. 757, 763-64 (S.D.N.Y. 1995). "A cause of action under § 1985(3) requires a plaintiff to allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws or equal privileges and immunities under the law; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property or a deprivation of a right or privilege of a citizen of the

---

[3] Judge Pallmeyer denied leave to file a supplemental complaint without prejudice. If he wished to exercise his right to represent himself, Agrawal could have discharged his attorneys and then renewed his *pro se* request for leave to supplement his complaint. Since his counsel withdrew from *Agrawal v. Briley*, Agrawal has proceeded *pro se.* According to the docket in that case, Agrawal has not renewed his motion for leave to amend or supplement his complaint.

United States." *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586-87 (2d Cir. 1988).

In § 1985 cases, vague and conclusory allegations of a conspiracy state no claim upon which relief can be granted. *Amundsen v. Chicago Park District*, 218 F.3d 712, 718 (7th Cir. 2000); *Sampson v. Yellow Cab Company*, 55 F.Supp.2d 867, 869 (N.D.Ill. 1999); *Copeland v. Northwestern Memorial Hospital*, 964 F.Supp. 1225, 1235 (N.D. Ill. 1997). Where a complaint asserts that the defendants conspired to deny the plaintiff his constitutional rights, that claim must be "supported by some factual allegations suggesting a 'meeting of the minds.'" *Amundsen v. Chicago Park District*, 218 F.3d 712 at 718, *quoting Kunick v. Racine County, Wisconsin*, 946 F2d 1574, 1580 (7th Cir. 1991). Thus, a § 1985 plaintiff:

> must satisfy the following: (1) allege the existence of an agreement; (2) if the agreement is not overt, "the alleged acts must be sufficient to raise the inference of mutual understanding" (*i.e.*, the acts performed by the members of a conspiracy "are unlikely to have been undertaken without an agreement"); and (3) "a whiff of the alleged conspirators' assent . . . must be apparent in the complaint."

*Amundsen v. Chicago Park District*, 218 F.3d at 718, quoting *Kunick v. Racine County, Wisconsin*, 946 F2d at 1580.

Agrawal does not allege a class based animus on the part of the defendants, which is an indispensable element of a § 1985 claim. *Malsh v. Austin*, 901 F.Supp. at 763-64. Moreover, to the extent his allegations suggest a conspiracy they are, at best, conclusory. Agrawal alleges that his counsel had decided not to file a supplemental

11

complaint in *Agrawal v. Bailey*, but instead elected to proceed on his *pro se* amended complaint, which was already on file when they entered the case. He alleges that Assistant Attorney General Lambertson's single overt act in the conspiracy was to oppose the filing of a *pro se* supplemental complaint, and that Judge Pallmeyer's only overt act was to deny him leave to file a *pro se* supplemental complaint while he was represented by counsel.

To call these allegations "meritless" and "frivolous" is to be charitable. This is the sort of claim "that does not come within shouting distance of a constitutional grievance . . .." *George v. Smith*, 507 F.3d 605, 608 (7th Cir 2007).

The alleged acts in furtherance of the conspiracy "must be sufficient to raise the inference of mutual understanding" (*i.e.*, the acts performed by the members of a conspiracy "are unlikely to have been undertaken without an agreement"). *Amundsen v. Chicago Park District*, 218 F.3d at 718. It is a clearly established principle of law that where a party is represented by counsel, he may not file a *pro se* supplemental complaint. It is likely that opposing counsel will point out this principle of law in the absence of a conspiracy, and it is more than likely that a judge will act on that principle of law in the absence of a conspiracy.

That defendant Lambertson pointed out this principle of law, and that Judge Pallmeyer acted on it do not come within shouting distance of establishing overt acts in a conspiracy to violate Agrawal's right of access to the courts or his right to represent himself without any assistance from an attorney. Similarly, that his counsel deccided not to file a supplemental complaint does not constitute an overt act in a conspiracy to

deprive him of access to the courts. Even giving Agrawal the benefit of the inferences to which he is entitled at the pleadings stage, this claim does not meet the pleading requirements of a § 1985(3) complaint.

## IV. Claims under 42 U.S.C. §1983

Agrawal also asserts that he is proceeding pursuant to 42 U.S.C. §1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984).[4] To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The court has already concluded that Agrawal's claims against Judge Pallmeyer and Assistant Attorney General Lambertson are barred. Defendants Safer, Lloyd, Mercado, and Anthony are private attorneys who represented the plaintiff in a civil action. To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "misuse of power, possessed by

---

[4] He also alleges a *Bivens* action against Judge Pallmeyer, asserting that she violated his federally protected rights acting under color of federal law. *See Bivins v. Six Unknown Named Agents*, 403 U.S. 388 (1971). But the court has concluded that any claim against Judge Pallmeyer is barred by the doctrine of judicial immunity.

13

virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . ..″ *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted).

In his complaint, Agrawal specifically alleges that "Defendant Pallmeyer has acted under color of Federal law and Defendant Lambertson has acted under color of state law." (Complaint at p. 2). He does not allege that defendants Safer, Lloyd, Mercado, or Anthony acted under color of either state or federal law, and Agrawal is correct in not asserting that they acted under color of state or federal law. Attorneys, even public defenders representing criminal defendants, in state courts are private parties who do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). These defendants, who are private attorneys representing a plaintiff in a civil case in federal court, were even further removed from acting under color of state law than are state public defenders. Accordingly, the attorneys who formerly represented the plaintiff in *Agrawal v. Briley* did not act under color of state law, and are not proper defendants in a § 1983 claim.

Agrawal does not assert that he seeks to proceed against his former attorneys on his *Bivins* claims. In order to state a *Bivins* claim against a defendant he must be "a federal agent acting under color of his authority." *Bivins v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 at 389. These defendants are not proper defendants in a *Bivins* action because they are not federal officials acting under color of federal law any more than they are state officials acting under color of state law.

Agrawal also alleges that by refusing his requests to file a supplemental complaint, defendants Safer, Lloyd, Mercado, and Anthony breached a fiduciary duty

14

"to protect plaintiff's interest to the best of their ability." (Complaint at p. 4). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). A claim that an attorney violated a fiduciary duty is not a claim arising from the violation of a right secured by the Constitution or laws of the United States. Accordingly, even if his attorneys had acted under color of state law, Agrawal's claim that they violated a fiduciary duty to him states no claim upon which relief can be granted under § 1983.

## V. Conclusion

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED.**

DATE: February 15, 2007

        s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT