NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2009[*]
Decided March 2, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2259

| | |
|---|---|
| SHREE MOHAN AGRAWAL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | |
| REBECCA R. PALLMEYER, et al., *Defendants-Appellees*. | No. 07 C 4283 |
| | James T. Moody,[**] *Judge*. |

**O R D E R**

Illinois prisoner Shree Agrawal appeals the dismissal under 28 U.S.C. § 1915A of his civil rights action. We affirm.

---

[*] Defendants-appellees were not served with process in the district court and have elected not to file a brief on appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

[**] The Honorable James T. Moody, United States District Judge for the Northern District of Indiana, sitting by designation.

Agrawal filed his first complaint under 42 U.S.C. § 1983, alleging that prison officials discriminated against him based on his religion by denying him food required by his Hindu faith. *Agrawal v. Briley, et al.*, No. 1:02-cv-6807 (N.D. Ill. filed Sept. 23, 2002). The complaint was assigned to District Judge Rebecca Pallmeyer, who eventually recruited Ronald Safer, Neil Lloyd, Kristen Mercado, and Brooke Anthony of Schiff Hardin, LLP to represent Agrawal. After these attorneys declined Agrawal's request to file a supplemental complaint, Agrawal moved pro se for leave to file one himself; his motion in turn was opposed by the prison officials' counsel, Andrew Lambertson of the Illinois Attorney General's Office. Judge Pallmeyer denied the motion because Agrawal already had representation. Eventually Agrawal's attorneys moved for leave to withdraw. Judge Pallmeyer granted this motion and declined to recruit another lawyer to represent Agrawal.

Agrawal then filed another complaint (that forms the basis of this appeal) against Judge Pallmeyer, the four Schiff Hardin lawyers, and Lambertson. Agrawal alleged that all of the defendants, including Judge Pallmeyer, violated his right of access to the court, breached their fiduciary duties, and conspired to do the same in violation of 42 U.S.C. §§ 1983, 1985, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Anticipating that the doctrine of judicial immunity would preclude suit against Judge Pallmeyer, he also alleged that the doctrine was unconstitutional.

District Judge James Moody screened the complaint under 28 U.S.C. § 1915A and dismissed it, concluding that Judge Pallmeyer and defendant Lambertson were immune from suit, that Agrawal did not allege class-based animus to support his conspiracy claim, and that the four Schiff Hardin attorneys were not subject to suit under either § 1983 or *Bivens*.

On appeal Agrawal argues that § 1915A violates his right to equal protection because non-prisoners are not subject to such a screening, and furthermore that § 1915A bears no rational relationship to any legitimate governmental interest. These arguments are frivolous. The district court appropriately dismissed Agrawal's complaint because it was defective. In light of this resolution, we have no reason to consider his constitutional objections to § 1915A. *See Koger v. Bryan*, 523 F.3d 789, 801 (7th Cir. 2008) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)).

Next, Agrawal argues that the district court erred in dismissing his claims against Judge Pallmeyer on the basis of judicial immunity. He suggests, confusingly, that judicial immunity somehow violates his right to equal protection because he is treated differently from plaintiffs who sue defendants not so immunized. This argument is also frivolous. Agrawal misunderstands the purpose of judicial immunity. The doctrine protects judges

Case: 1:07-cv-04283 Document #: 139 Filed: 04/24/09 Page 3 of 3 PageID #:136

from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988).

Agrawal also intimates that his claim against defendant Lambertson was wrongly dismissed because, he says, he adequately alleged that Lambertson conspired with Agrawal's attorneys and Judge Pallmeyer to prevent him from filing additional claims in his first complaint. But, like Judge Pallmeyer, defendant Lambertson is entitled to absolute immunity in defending the government in civil litigation. *See Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir. 1992); *Auriemma v. Montgomery*, 860 F.2d 273, 275-76 (7th Cir. 1988).

Finally, Agrawal challenges the dismissal of his claims against his attorneys. He argues that he stated a claim against his attorneys under § 1985 for conspiring to prevent him from adding claims to his first complaint. But the attorneys' refusal to file a supplemental complaint as requested by Agrawal does not suggest the existence of a § 1985 conspiracy. *See Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007)*; Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000). He also insists that he stated a claim against his attorneys under both § 1983 and *Bivens*, but the Schiff Hardin defendants are all private attorneys who acted neither under color of state law nor federal authority. *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *Bivens*, 403 U.S. at 389; *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006).

For the foregoing reasons, we affirm the judgment of the district court.